## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 4:25-cr-40008-MRG-2** |
| | ) | |
| **SANDOVAL-PEREZ ET AL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GUZMAN, J.**

Defendant Christhian Castillo ("Castillo") is charged by indictment with two drug offenses. After several hearings on the Government's motion for detention, on February 28, 2025, Magistrate Judge Hennessy of the United States District Court for the District of Massachusetts determined that pretrial detention of Mr. Castillo was warranted. [ECF No. 17]. Pending before this Court is Mr. Castillo's motion to revoke the Magistrate Judge's detention order and instead place him on conditional pretrial release. [ECF No. 40]. For the reasons stated below, the Court **DENIES** the motion to revoke the detention order, [ECF No. 17], and that order shall remain in effect.

### I.    PROCEDURAL HISTORY

On February 12, 2025, Mr. Castillo was arrested after an undercover agent purchased a kilogram of cocaine from Mr. Castillo. [ECF No. 3]. During his initial appearance before Magistrate Judge Hennessy that same day, the Government moved for pre-trial detention for him and his co-defendant. [ECF No. 5]. The defendants were returned to the custody of the United States Marshall Service. The next day, Mr. Castillo returned to the Magistrate's court for a preliminary hearing and detention hearing. [ECF No. 8]. Mr. Castillo requested a release with conditions, e-monitoring, and return to prior residence and

employment. [Id.].   Judge Hennessy continued the hearing to February 18, 2025, where defendant presented evidence of a residence and his job status. [ECF No. 10]. The hearing was continued once more to give the U.S. Probation Department an opportunity to investigate the residence. [Id.]. On February 24, 2025, Mr. Castillo presented his potential release plan and employment to the court, the court inquired about the potential roommates of the Defendant and the Defendant's proposed transportation to work. [ECF No. 15].  The detention hearing was continued once more. On February 28, 2025, Judge Hennessy ultimately held that pretrial detention was warranted due to dangerousness and risk of flight factors. [ECF No. 17].

On May 08, 2025, Mr. Castillo was charged by indictment with (1) Conspiracy to Distribute Cocaine and to Possess with Intent to Distribute Controlled Substances in violation of  21 U.S.C. § 846; and (2) Distribution of Five Hundred Grams or More of Cocaine; Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); 18 U.S.C. §2. [ECF No. 29]. Mr. Castillo appeared before Judge Hennessy for his arraignment on May 13, 2025. [ECF No. 33]. Mr. Castillo then filed a motion for order revoking the order of detention. [ECF No. 40]. The District Court took the matter under advisement after reviewing the pleadings, oral argument transcript, and hearing oral argument on September 02, 2025. [ECF No. 64].

## II.   <u>LEGAL STANDARDS</u>

To warrant pretrial detention, the government must prove (1) upon a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance, or (2) upon clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e); <u>United States v. DiGiacomo</u>, 746 F. Supp. 1176, 1180-81 (D. Mass. 1980).

Certain charged offenses trigger a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). More specifically, 18 U.S.C. § 3142(e)(3)(A) provides that a presumption of detention arises when "there is probable cause to believe that the person committed" certain drug offenses, including an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or Chapter 705 of Title 46. 18 U.S.C. § 3142(e)(3)(A). The drug charge Mr. Castillo faces is a serious offense under the Controlled Substances Act that is punishable by ten years or more and is subject to this statutory presumption. Id. Accordingly, Mr. Castillo bears the burden of producing "some evidence" to rebut the presumption. United States v. Rebollo-Andino, 312 F. App'x 346, 348 (1st Cir. 2009).

In determining whether either party has met their burden regarding whether there are conditions of release that will reasonably assure the defendant's appearance and public safety as required, the Court must consider the factors under 18 U.S.C. § 3142(g) ("Section 3142(g) factors"). United States v. DeBerardinis, No. 21-cr-10292-ADB, 2022 WL 488465, at *3 (D. Mass. Feb. 17, 2022), aff'd, No. 22-1123, 2022 WL 3588878 (1st Cir. June 3, 2022). These factors include: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger that the defendant's release would pose. 18 U.S.C. § 3142(g).

A party challenging a magistrate judge's order of release or detention is entitled to a *de novo* review by the district court. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990); see United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017) (holding that district court review of magistrate order is de novo). In conducting its de novo review, "the Court may reject the magistrate judge's fact finding and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional

facts and argument." <u>Oliveira</u>, 238 F. Supp. 3d at 167. Here, the Court held a hearing on September 2, 2025. At the hearing, the Court was presented with new evidence regarding Mr. Castillo's housing and employment status.

### III.   <u>DISCUSSION</u>

#### A.  <u>Rebuttable Presumption</u>

On a *de novo* review of the record, the Court finds that Mr. Castillo has failed to offer evidence to rebut the statutory presumption of detention. In weighing the Section 3142(g) factors, the Court finds that (1) Mr. Castillo has failed to rebut the presumption of detention on dangerousness; and (2) the Government has met its burden by showing by clear and convincing evidence that no combination of release conditions will reasonably assure the safety of the community. <u>See</u> 18 U.S.C. § 3142 (e)(3)(A).

#### B.  <u>Nature and Circumstances of the Offenses Charged</u>

As to the nature and circumstances of the offenses charged, the Court finds that Mr. Castillo was arrested on the instant charges while on pre-trial release from pending state court charges. [ECF No. 64]. Mr. Castillo had an explicit legal obligation to refrain from criminal activity while on release and his failure to comply with this condition demonstrates both a contempt for the Court's orders and a risk to the safety to the community. Mr. Castillo's offenses have only escalated, and he now faces a mandatory minimum of five years of imprisonment if convicted. [<u>Id.</u>]. As such, this factor weighs against granting pre-trial release in this instance.

#### C.  <u>Weight of the Evidence</u>

The Court finds that this factor weighs against granting pre-trial release in this instance. During oral argument on September 2, 2025, Assistant U.S. Attorney ("AUSA") Brendan O'Shea asserted on the record that the evidence against Mr. Castillo is "strong." [ECF No. 64].  Defendant did not contest the Government's assertion. The criminal complaint, and the oral argument from AUSA O'Shea, sets forth

multiple occasions where an undercover law enforcement officer arranged to purchase drugs from Mr. Castillo's co-defendant over a seven-month period. [ECF No. 1; ECF No.  64]. According to the Government, there is video and photo evidence of Mr. Castillo selling cocaine to undercover officers on these occasions. [ECF No. 64].

### D.  History and Characteristics of the Defendant

Apart from the present offenses, which carry significant potential prison penalties, Mr. Castillo's criminal history consists of several previous offenses. Mr. Castillo was on supervised release in state court when he committed the current offenses. [ECF No. 64]. Mr. Castillo has a history of recidivism. Even with his minor cases in state court, he has failed in his obligations to the Court there.

As of September 2, 2025, Mr. Castillo does not have a stable housing situation, or admittance to a structured substance abuse program. Both the Government and the defense noted at oral argument that Mr. Castillo has a history of alcohol and substance abuse. [ECF No. 64]. The Government asserted during oral argument that when the Defendant was interviewed by U.S. Probation at the outset of this case, it was apparent that he had actively used both alcohol and cocaine shortly before he was interviewed. [Id.].  Mr. Castillo has demonstrated the need for alcohol or substance use treatment. If detained, Mr. Castillo could take advantage of the RISE program for pretrial detainees.

Finally, Mr. Castillo presents with a scattered employment history and no current employment upon release. Mr. Castillo has not presented the Court with sufficient evidence of strong community ties, increasing his risk of flight. Taken as a whole, the history and characteristics of the defendant also support a finding that continued detention is necessary.

      E.  **Nature and Seriousness of Danger Posed by Release**

In light of the seriousness of the charges facing Mr. Castillo, his previous violation of supervised release, his limited ties to the community, and the lengthy sentence he may face, the Court finds that Mr. Castillo's release would pose a serious danger to the community.

## IV.    CONCLUSION

Based upon a *de novo* review of the Section 3142(g) factors, this Court finds that Mr. Castillo has not rebutted the statutory presumption of detention that no condition or combination of conditions will reasonably assure his appearance, and he has failed to rebut the presumption regarding dangerousness. His failure to rebut this prong of the detention analysis is by itself enough to mandate detention. Still, the Court also finds that the Government has met its burden by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community.

Accordingly, the Court **DENIES** the appeal of the detention order [ECF No. 40], and it shall remain in place pending trial.

**SO ORDERED.**

Dated: September 15, 2025

                              /s/ Margaret R. Guzman
                              Margaret R. Guzman
                              United States District Judge